ACCEPTED
15-25-00010-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 3:43 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 3:43:22 PM
CHRISTOPHER A. PRINE
Clerk

**No. 15-25-00010-CV**

_____

In the Court of Appeals
for the Fifteenth Judicial District
Austin, Texas

_____

TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
*Appellant*,

v.

SHANRESSA CRADDOCK,
*Appellee*.

_____

On Appeal from the 250th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-22-007315

_____

**REPLY BRIEF FOR APPELLANT
TEXAS HEALTH AND HUMAN SERVICES COMMISSION**

_____

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

JENNIFER COOK
Texas Bar No. 00789233
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (737) 230-4700
FAX: (512) 320-0667
jennifer.cook@oag.texas.gov

Counsel for Appellant
Texas Health and Human Services
Commission

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................... iii

SUMMARY ........................................................................................................1

ARGUMENT ......................................................................................................1

I. Contrary to Craddock's assertion, HHSC's determination to not replace benefits stolen by a third party was supported by substantial evidence.................................2

    A.     Craddock's claim that HHSC did not meet their burden at the hearing is both incorrect and an incorrect recitation of the standard of review. ....................2

    B. HHSC did not fail to conduct any required evaluation; there was no system error malfunction associated with HHSC's system. ..............................................3

    C. Craddock's claim that HHSC's policy is contrary to law is false; rather, it is consistent with both Texas and federal regulations. ..............................................6

    D. HHSC did not ignore uncontroverted evidence; rather, Craddock testified she gave her PIN and card number to a third party via an automated phone system and the disputed transaction, in which her correct card number and PIN were used, occurred the next day. ................................................................................12

II. Craddock erroneously claims HHSC applied internal policy instead of controlling regulation. ......................................................................................13

III. HHSC's policy does not conflict with federal law, and there is no federal preemption. ......................................................................................................13

PRAYER ..........................................................................................................16

# INDEX OF AUTHORITIES

**Statutes**

7 U.S.C. § 2012 ......................................................................................................14

7 U.S.C. § 2016 ............................................................................................... 13, 14

7 U.S.C. § 2020 .......................................................................................... 13, 14, 15

Tex. Gov't Code § 545.0154 .....................................................................................2

**Rules**

1 Tex. Admin. Code § 372.1518 ...........................................................................8, 9

1 Tex. Admin. Code § 372.1519 ................................................................ 7, 8, 9, 10

1 Tex. Admin. Code § 372.1521 ................................................................ 5, 6, 10, 13

Tex. R. App. P. 9.4....................................................................................................17

**Regulations**

7 C.F.R. § 271.2 ......................................................................................................10

7 C.F.R. § 273.17 ............................................................................................. 13, 15

7 C.F.R. § 274.12 ......................................................................................................8

7 C.F.R. § 274.6 ........................................................................................................9

7 C.F.R. § 276.2 ................................................................................................10, 11

7 C.F.R. § 277.18 ..............................................................................10, 11, 12, 13, 16

## SUMMARY

There is substantial evidence Shanressa Craddock ("Craddock") gave her SNAP benefits EBT card information and PIN to an unknown and unauthorized person via a phone automated system, and then her card and PIN was used the next day for a $930 unauthorized transaction on August 20, 2022. There is substantial evidence the unauthorized transaction was not due to any error or fault by the Texas Health and Human Services Commission ("HHSC" or "Appellant").

After the unauthorized transaction, Craddock contacted HHSC and requested that HHSC replace the stolen benefits. Consistent with Texas and federal regulations and HHSC policies and procedures, HHSC declined to replace the benefits because the transaction was not due to any error on HHSC's part and took place before Craddock reported her card information as stolen. This Court should reverse the district court's ruling and affirm HHSC's decision.

## ARGUMENT

There was substantial evidence supporting HHSC's determination not to replace Craddock's benefits stolen by a third party. Such determination did not contain legal error and does not conflict with any laws. HHSC's determination is consistent and compliant with the applicable Texas and federal regulations.

1

**I.** **Contrary to Craddock's assertion, HHSC's determination to not replace benefits stolen by a third party was supported by substantial evidence.**

In Appellee's Brief, Craddock first asserts that HHSC's decision was not supported by substantial evidence. Contrary to Craddock's assertion, HHSC met the standard of review in this case, which is that its decision is supported by substantial evidence.

**A.** **Craddock's claim that HHSC did not meet their burden at the hearing is both incorrect and an incorrect recitation of the standard of review.**

In Appellee's Brief, Craddock claims HHSC did not meet its burden at the hearing stage. Appellee's Brief at 16. While HHSC maintains that it did meet its burden at the hearing, the standard of review on appeal is whether HHSC's decision is supported by substantial evidence—which it was.

In Appellee's Brief, there is a section claiming HHSC did not meet its burden at the hearing stage. Appellee's Brief at 16-18. While HHSC disputes this assertion, the standard of review in this case is substantial evidence as discussed in Appellant's brief ("Appellant's Brief"). Tex. Gov't Code § 545.0154(c); *see also* Appellant's Brief at 6-9.

Substantial evidence supports HHSC's denial of replacement benefits to Craddock. The evidence shows Craddock received a text on August 19, 2022, and in response, called the phone number provided in the text, believing the sender was

associated with HHSC, and provided an unauthorized third party with her card number and PIN. AR at 35, 70-76. However, the text was not from HHSC or anyone associated with HHSC. AR at 71-72, 75-76. The next day, an unauthorized third party utilized Craddock's information in an unauthorized transaction of $930. AR at 33-38, 68-71. After Craddock realized benefits were missing from her card, she contacted HHSC, and the card's status was changed to stolen. AR at 66.

The loss of $930 occurred before the card was reported stolen or compromised. AR at 11, 66. Craddock acknowledges she gave an unauthorized person, via an automated system, her card information the day before she incurred the loss. AR at 71. The uncontroverted evidence in the record establishes no one at HHSC was involved with texting Craddock, and there was no error found on HHSC's part. AR 65-66, 75-76. According to HHSC's policy and consistent with the law, HHSC did not replace the benefits because the benefits were stolen after Craddock's card and PIN were compromised but before the compromise was reported. The result of HHSC's decision not to replace the $930 was supported by substantial evidence and was reasonable.

**B.      HHSC did not fail to conduct any required evaluation; there was no system error malfunction associated with HHSC's system.**

In Appellee's Brief, Craddock mischaracterizes a provision of the Texas Administrative Code, proclaiming that it "requires that HHSC evaluate all

3

components of the EBT system." Appellee's Brief at 18. The code provision

referenced states:

> (a) For purposes of this section, the term **"system error" means an error resulting from a malfunction at any point in the redemption process**: from the system host computer, to the switch, to the third-party processors, to a store's host computer or point-of-sale terminal. It includes both Electronic Benefit Transfer (EBT) account balance errors and EBT program transaction errors. The error may occur after the availability date and may result in either a debit or credit to the household.
>
> (b) A TANF or SNAP household has 90 calendar days from the date of a system error transaction to request an adjustment.
>
> (c) To request an adjustment, the household must contact the EBT call center's toll-free number to report an EBT account balance error or an EBT program transaction error for resolution by the EBT contractor as described in this chapter.
>
> (d) The EBT contractor must notify the TANF or SNAP household in writing of its determination of the EBT account balance or EBT program transaction error.
>
> (1) If the determination is that the household was overpaid, the EBT contractor will make the appropriate adjustment within 15 calendar days.
>
> (2) If the determination is that the household is owed funds, the EBT contractor will make the adjustment within 10 business days of the date of notification.
>
> (e) If the household disagrees with the decision, the household may contact the Texas Health and Human Services Commission (HHSC) Lone Star Business Services (LSBS) for a second review. The household retains the right to a fair hearing if requested within 90 days from the date of the notice from the EBT contractor.
>
> (f) If a TANF or SNAP household disagrees with the HHSC LSBS determination, the household has 90 days from the date of the EBT contractor's determination to request a fair hearing as provided in HHSC's fair hearing rules in Chapter 357 of this title (relating to Hearings).

1 Tex. Admin. Code § 372.1521 (emphasis added). Craddock claims subsection (a) "requires that HHSC evaluate all components of the EBT system for system error when an unauthorized transaction is disputed." Appellee's Brief at 18. However, subsection(a) merely states what is meant by a "system error," which includes "an error resulting from a malfunction at any point in the redemption process: from the system host computer, to the switch, to the third-party processors, to a store's host computer or point-of-sale terminal;" it contains no language regarding investigations or evaluations. 1 Tex. Admin. Code § 372.1521(a). Later in the provision it states that an EBT contractor must notify the SNAP household in writing of "its determination" of the "EBT account balance" or "EBT program transaction error." *Id.* § 372.1521(d). This is exactly what occurred in this case: Craddock was notified in writing of the determination that there was no system error. AR at 11. In a letter dated September 7, 2022, a Program Specialist from the EBT contractor, Lone Star Business Services, notified Craddock that they looked into this claim "but we didn't find a system error." *Id.* The provision does not describe what is required as part of the EBT contractor's determination; here, the EBT contractor did what was required and determined there was no system error, i.e., no malfunction in the redemption process of the system. At the hearing, there was testimony that the EBT contractor verified the correct card and PIN for Craddock were used for the transaction. AR at 66. There was no indication of a malfunction of the redemption process, which

5

would be system error. The EBT contractor's determination was reasonable given the circumstances that Craddock had given her card number and PIN to a third party the day before the disputed transaction.

System error is a malfunction in the redemption process, within the system. 1 Tex. Admin. Code § 372.1521(a). It does not include the acts of third parties who deceive others to gain information and then use that information to steal benefits. The EBT contractor did everything it was required to do under 1 Tex. Admin. Code § 372.1521. Craddock mischaracterizes what is required by the Texas Administrative Code, and the record is clear that the EBT contractor complied with § 372.1521 and correctly determined there was no system error.

## C. Craddock's claim that HHSC's policy is contrary to law is false; rather, it is consistent with both Texas and federal regulations.

Craddock claims HHSC's policy used in the decision-making process for this case contradicts binding law. Appellee's Brief at 22-24. As discussed in Appellant's Brief, none of the cited regulations conflict with HHSC's decision, and HHSC's decision and policy is in line with applicable law. The policy at issue states:

**TANF and SNAP**
HHSC designs the EBT systems and issuance procedures to minimize loss and theft of SNAP and TANF household benefits. HHSC is required to issue agency replacement benefits only if the loss occurred:

• after the household reports the Lone Star Card lost or stolen and HHSC or an HHSC contractor failed to cancel the household's Lone Star Card;

6

• because of an HHSC local office Lone Star Card issuance error; or

• because of an unlawful or other erroneous action on the part of HHSC or an HHSC contractor.

Appellee's Brief at 22 and Appendix 5. This policy states that HHSC only replaces benefits after the card is reported lost or stolen or if the loss is due to HHSC or HHSC contractor error. This policy is consistent with applicable Texas and federal law. Texas law states:

> (a) The Texas Health and Human Services Commission (HHSC) replaces benefits removed without authorization **after the household or authorized representative reports a lost or stolen EBT card or compromised personal identification number to the EBT call center**.
> (b) HHSC does not replace benefits, except as provided in subsection (a) of this section.

1 Tex. Admin. Code § 372.1519 (emphasis added). This provision only permits replacing benefits when there is a lost or stolen card or "compromised personal identification number" after the compromise has been reported. In fact, this provision prohibits exactly what Craddock is asking to happen in this case—replacement of benefits after a compromised personal identification number, but before she notified HHSC of the compromise. Finding for Craddock in this case would be in conflict with this law.

Moreover, Texas regulations make the cardholder responsible for protecting their cards and PIN. One such regulation states:

7

(a) **TANF and SNAP cardholders are responsible for protecting their EBT cards and personal identification numbers (PIN).**
(b) Cardholders must contact the Texas EBT call center's toll-free number to report a lost or stolen card or compromised PIN.
(1) The call center EBT contractor immediately places a hold on the card access.
(2) The Texas Health and Human Services Commission applies the requirements of 7 C.F.R. § 274.12(f)(5) to both TANF and SNAP accounts.
(c) A cardholder initiates replacement of the EBT card or PIN.

1 Tex. Admin. Code § 372.1518 (emphasis added). This provision states that the card holder is responsible for protecting its card and PIN information. Consistent with § 372.1519, it states that the card holder must contact the call center to report a stolen card or "compromised PIN," at which point the card will immediately have a hold placed on it.

Consistent with Texas' regulations, federal regulations only require replacement of benefits drawn after a card has been reported lost or stolen—not before. The applicable federal regulation states:

(2) An immediate hold shall be placed on accounts at the time notice is received from a household regarding the need for card or PIN replacement. The State agency shall implement a reporting system which is continually operative. **Once a household reports that their EBT card has been lost or stolen, the State agency shall assume liability for benefits subsequently drawn from the account and replace any lost or stolen benefits to the household.** The State agency or its agent shall maintain a record showing the date and time of all reports by households that their card is lost or stolen.

7 C.F.R. § 274.6(b)(2). It requires states to "assume liability" for benefits "subsequently drawn," referring to benefits drawn after a household reports the card lost or stolen. *Id.*

While, unlike the Texas regulations above, this federal regulation does not specifically state it includes compromised PINs, it does include more general language stating the hold goes into effect immediately "at the time notice is received from a household regarding the need for card or PIN replacement." *Id.* This reflects that notice of a compromised PIN could be considered to trigger a state's responsibility under this regulation to put a hold on the card and be liable for subsequent benefit withdrawals. The Texas regulations do include language expressly including compromised PINs, which is the situation in this case, as a circumstance in which a hold will be placed on the card and PIN and any subsequent withdrawals will be reimbursed. 1 Tex. Admin. Code §§ 372.1518, 372.1519.

In Appellee's Brief, Craddock claims that Craddock's card was not stolen, and HHSC's argument relies on the card being stolen. *See, e.g.,* Appellee's Brief at 13, 19. This is not true. In this case, Craddock gave her card and PIN information to a third party via an automated phone call, causing her PIN and card to be compromised. As discussed above, Texas regulations and HHSC's treatment is the same whether the card is stolen or benefits are stolen due to a compromised PIN—HHSC puts a hold on the card after notified of the compromise and is liable for any

9

withdrawals after notification. *See* 1 Tex. Admin. Code § 372.1519. Contrary to Craddock's assertion, the fact that Craddock gave her card number and PIN to a third party versus having the physical card stolen is a difference without any distinction.

Craddock claims the HHSC policy conflicts with 1 Tex. Admin. Code § 372.1521(a) and 7 C.F.R. §§ 276.2(b)(7), 277.18(m)(1). Appellee's Brief at 23. As discussed above 1 Tex. Admin. Code § 372.1521(a) merely states what a "system error" means, which is an error resulting from a malfunction in the redemption process and includes "[EBT] account balance errors and EBT program transaction errors." Nothing in HHSC's policy conflicts with this definition of "system error."

Similarly, HHSC's policy does not conflict with 7 C.F.R. § 276.2(b)(7). As discussed in Appellant's Brief , 7 C.F.R. § 276.2 is about state liabilities to the Food and Nutrition Service of the U.S. Department of Agriculture ("FNS") providing that "[s]tate agencies shall be responsible to FNS for any financial losses involved in the acceptance, storage and issuance of coupons." 7 C.F.R. §§ 276.2(a), 271.2 (defining FNS). The regulation goes on to state:

> **State agencies shall be held strictly liable** [to FNS] **for overissuances** resulting from Electronic Benefit Transfer system errors and unauthorized account activities. Such overissuances shall include but not be limited to: Overissuances to household accounts that are accessed and used by households, replacement benefits to a household's account due to unauthorized use of the benefits in a household's account, benefits drawn from an EBT account after the household has reported that the EBT card is lost or stolen to the State or its agent, overdraft situations due to the use of manual back-up procedures

10

approved by the State agency, overcredits to a retailer account and transfer of funds to an illegitimate account.

*Id.* § 276.2(b)(7) (emphasis added). This regulation discusses state liability to the U.S. Department of Agriculture, not to benefit recipients. Additionally, it applies to *overissuances*, not to stolen benefits. These provisions discuss the relationship between the federal and state government; they have nothing to do with the relationship between HHSC and a SNAP recipient and consequently fail to address any responsibility of HHSC to a SNAP recipient. *See also* Appellant's Brief at 20-22. There is no conflict between HHSC's policy and this regulation.

Lastly, HHSC's policy does not conflict with 7 C.F.R. § 277.18(m)(1). As discussed in Appellant's Brief, § 277.18 is titled "State Systems Advance Planning Document (APD) process." 7 C.F.R. § 277.18. An APD is a brief written plan of action requesting federal financial participation to accomplish the planning activities necessary for a state agency to determine the need for, feasibility of, projected costs and benefits of an Information System ("IS") equipment or services acquisition, plan the acquisition of IS equipment and/or services, and to acquire information necessary to prepare an Implementation APD. *Id.* § 277.18(b). The specific provision of this regulation is:

(m) Information system security requirements and review process—

(1) Information system security requirements. **State and local agencies are responsible for the security of all IS projects under**

11

**development, and operational systems involved in the administration of SNAP**. State and local agencies shall determine appropriate IS security requirements based on recognized industry standards or compliance with standards governing security of Federal information systems and information processing.

*Id.* § 277.18(m)(1) (emphasis added). This provision merely articulates states are responsible for the security of their IS projects in the administration of SNAP.

In this case, there is no evidence to support that HHSC's IS equipment played any role in Craddock's benefits being stolen. This provision also does not impose an obligation on HHSC to replace benefits in circumstances like these, where Craddock was scammed into voluntarily providing access to her benefits. 7 C.F.R. § 277.18(m)(1) does not conflict with HHSC's policy as alleged. *See also* Appellant's Brief at 23-25.

> **D.** **HHSC did not ignore uncontroverted evidence; rather, Craddock testified she gave her PIN and card number to a third party via an automated phone system and the disputed transaction, in which her correct card number and PIN were used, occurred the next day.**

Craddock asserts HHSC's decision was arbitrary and capricious because it disregarded "uncontroverted evidence" presented by Craddock. Appellee's Brief at 24-25. While the parties agree that Craddock did not lose her card or give her card to another person, Craddock fails to acknowledge in Appellee's Brief that she testified she did give her card number and PIN over the telephone to an automated phone system the day before the disputed transaction occurred. This was also

12

uncontroverted. There was evidence that during the disputed transaction, the correct card number and PIN were used. AR at 66. Looking at the evidence as a whole, there was substantial evidence that Craddock's benefits were stolen by a person that knew her card number and PIN.

## II. Craddock erroneously claims HHSC applied internal policy instead of controlling regulation.

Craddock claims HHSC committed legal error by applying internal policy instead of controlling regulation. Appellee's Brief at 27. In this section of Appellee's Brief, Craddock does not refer to any new regulations. *Id.* Instead, Craddock merely cites to 1 Tex. Admin. Code § 372.1521 again while claiming HHSC failed to comply with a requirement to "evaluate all components of the EBT system," which as discussed above, is not a requirement contained in that provision. As discussed above, the HHSC policy is consistent and complies with all Texas and federal regulations, which require HHSC to replace stolen benefits that occur after a card is reported stolen or lost or a PIN is compromised.

## III. HHSC's policy does not conflict with federal law, and there is no federal preemption.

Craddock asserts HHSC's decision and policy conflict with federal law. Appellee's Brief at 28-29. In support, Craddock refers to the following federal statutes and regulations: 7 U.S.C. §§ 2016(e), 2020(b); 7 C.F.R. §§ 273.17(a)(1),

13

277.18(m). These provisions were discussed at length in Appellant's Brief. A brief review of these federal provisions shows there is no conflict.

In 7 U.S.C. § 2016(e), it states:

(e) State issuance liability
Notwithstanding any other provision of this chapter, **the State agency shall be strictly liable to the Secretary for any financial losses involved in the acceptance, storage and issuance of benefits**, except that in the case of losses resulting from the issuance and replacement of authorizations for benefits which are sent through the mail, the State agency shall be liable to the Secretary to the extent prescribed in the regulations promulgated by the Secretary.

7 U.S.C. § 2016(e) (emphasis added). This statute makes states liable to the "Secretary" for financial losses incurred in the state's acceptance, storage, and issuance of benefits. *Id.* "Secretary" refers to the federal Secretary of Agriculture. 7 U.S.C. § 2012(p). Hence, this statute discusses liability of the state to the federal government and has no bearing on whether HHSC is liable to Craddock to replace her stolen benefits. *See also* Appellant's Brief at 19-23.

Section 2020(b) relates to improperly denied, terminated, and underissued benefits. 7 U.S.C. § 2020(b). Section 2020(b) states:

**When a State agency learns**, through its own reviews under section 2025 of this title or other reviews, or through other sources, **that it has improperly denied, terminated, or underissued benefits to an eligible household, the State agency shall promptly restore any improperly denied benefits** to the extent required by subsection (e)(11) and section 2023(b) of this title, and shall take other steps to prevent a recurrence of such errors where such error was caused by the

14

application of State agency practices, rules or procedures inconsistent with the requirements of this chapter or with regulations or policies of the Secretary issued under the authority of this chapter.

7 U.S.C. § 2020(b) (emphasis added). In addition to there being no improper denial or termination of benefits in this case, there is also no underissuance of benefits. *See also* Appellant's Brief at 15-18. Therefore, this section also has no bearing on whether HHSC is liable to Craddock to replace her benefits stolen before she reported the matter to HHSC.

Craddock also cites to 7 C.F.R. § 273.17(a)(1). It states a state agency "shall restore to households benefits which were lost whenever the loss was caused by an error by the State agency . . . ." 7 C.F.R. § 273.17(a)(1). In this case, there is no evidence or determination of an error by HHSC or anyone it contracts with. The witness for HHSC, Ms. Sosa, testified EBT Operations performed an administrative review of Craddock's account to determine whether the state was at fault. AR at 66. She noted the card number and valid PIN were used for the disputed transaction. *Id.* She also considered the fact that Craddock's card status was changed to stolen on August 21, when Craddock notified HHSC of the disputed transaction. *Id.* She testified that pursuant to the review, there was no system error, no error on the part of HHSC personnel, and no error by HHSC's vendor. *Id.* at 67. *See also* Appellant's Brief at 18-19.

Finally, 7 C.F.R. § 277.18(m), the last regulation Craddock claims conflicts with HHSC's determination and policy, has already been discussed above and in Appellant's Brief. *See* section I.C. above at 10-12; Appellant's Brief at 23-25. As discussed therein, there is no conflict between HHSC's policies or determination in this case and § 277.18(m).

## PRAYER

Because HHSC's decision is supported by substantial evidence and in compliance with law, HHSC asks the Court to reverse the district court and uphold HHSC's decision declining to replace Craddock's stolen benefits.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/Jennifer Cook*
JENNIFER COOK
Texas Bar No. 00789233
Assistant Attorney General

16

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (737) 230-4700
jennifer.cook@oag.texas.gov
FAX: (512) 320-0667

**Counsel representing Appellant,**
**Texas Health and Human Services**
**Commission**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 4,386 words, including parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/*Jennifer Cook*
JENNIFER COOK
Assistant Attorney General

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Gomez on behalf of Jennifer Cook
Bar No. 789233
victoria.gomez@oag.texas.gov
Envelope ID: 101906857
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 20250611_Reply Brief
Status as of 6/11/2025 4:00 PM CST

Associated Case Party: Texas Health an Human Services Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 6/11/2025 3:43:22 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 6/11/2025 3:43:22 PM | SENT |

Associated Case Party: Shanressa Craddock

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David Beyleryan | | dbeyleryan@lonestarlegal.org | 6/11/2025 3:43:22 PM | SENT |
| Elizabeth Ewing | | eewing@lonestarlegal.org | 6/11/2025 3:43:22 PM | SENT |